RICHARD K. GROSBOLL, Bar No. 99729
TANISHA M. SHAFER (ARATA), Bar No. 280588
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel: (415) 677-9440
Fax: (415) 677-9445
Email: rgrosboll@neyhartlaw.com
       tarata@neyhartlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND; PACIFIC COAST ROOFERS PENSION PLAN; EAST BAY-NORTH BAY ROOFERS VACATION TRUST FUND; BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND; BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; NATIONAL ROOFING INDUSTRY PENSION FUND; DOUGLAS ZIEGLER, as trustee for each plaintiff trust fund, except for National Roofing Industry Pension Fund, and as agent for National Roofing Industry Pension Fund; and ROBERT RIOS, as trustee of BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PLATINUM ROOFING, INC., a California Corporation,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT |

**COMPLAINT**
Case No.

Plaintiffs allege:

I.
## JURISDICTION AND PARTIES

1. <u>Jurisdiction.</u>  This is an action to collect unpaid fringe benefit contributions to multi-employer benefit plans pursuant to a Collective Bargaining Agreement ("CBA").  It is also an action to enforce the terms of multi-employer benefit Trust Agreements, specifically the terms requiring an employer to make fringe benefit contributions to the Plaintiffs.  Jurisdiction is pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 29 U.S.C. § 1145 and the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185(c).

2. <u>Venue.</u>  Venue is appropriate in this District as the Plaintiff Plans are administered in this District (San Jose), and the breach took place in this District (Bay Area counties, including Sonoma, Marin, Napa, Contra Costa, and San Mateo).  29 U.S.C. § 1132(e)(2); 29 U.S.C. § 185(a).

3. <u>Parties.</u>  Plaintiffs BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY-NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND, and NATIONAL ROOFING INDUSTRY PENSION FUND will be collectively referred to as "the Trust Funds".  Each of the Trust Funds is a multi-employer employee benefit plan created pursuant to the LMRA, 29 U.S.C. § 141 et seq and are jointly trusteed (management and union) employee benefit trust funds governed by ERISA, 29 U.S.C. § 1001 et seq.  Employers make fringe benefit contributions to the Trust Funds pursuant to the requirements of their CBA between the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Local 81" and "Local 95", and collectively "the Unions") and the Associated Roofing Contractors of the Bay Area Counties, Inc. ("Employer Association").  The Health and Welfare Trust Fund is the designated representative and collection agent for all of the Trust Funds and related entities.  Plaintiff BAY AREA COUNTIES ROOFERS INDUSTRY PROMOTION FUND is a labor management organization.

4. Plaintiff DOUGLAS ZIEGLER is a trustee and fiduciary of each of the Trust Funds and entities listed above in Paragraph 3, except for the National Roofing Industry Pension Fund—for that fund, he is an agent.  Mr. Ziegler is also the Business Manager of Local 81.  As such, Mr. Ziegler is a fiduciary of the Trust Funds within the meaning of ERISA.  As trustee, Mr. Ziegler has the duty, jointly exercised with the other trustees of those funds, to administer the Trust Funds for the exclusive benefit of the covered employees in accordance with the applicable law, the CBAs, and

NEYHART,
ANDERSON, FLYNN
& GROSBOLL
ATTORNEYS AT LAW

COMPLAINT                                                                                                                                       1
Case No.

the terms of each of the Trust Funds' written trust agreements. That fiduciary duty includes the collection of unpaid fringe benefit contributions and related losses.

5. Plaintiff ROBERT RIOS is a trustee and fiduciary of the Health and Welfare Trust and the Pacific Coast Roofers Pension Plan. Mr. Rios is also the Business Manager of Local 95. As such, Mr. Rios is a fiduciary of the trusts within the meaning of ERISA. As trustee, Mr. Rios has the duty, jointly exercised with the other trustees of those funds, to administer the trusts for the exclusive benefit of the covered employees in accordance with the applicable law, the CBAs, and the terms of each of the Trust Funds' written trust agreements. The fiduciary duty includes the collection of unpaid fringe benefit contributions and related losses.

6. Defendant PLATINUM ROOFING, INC. ("PLATINUM") is a corporation doing business under California entity #C2321778 and California Contractor's State License #790139.

7. Defendant PLATINUM is engaged in the roofing, waterproofing and/or contracting business in and around the Bay Area, California (including in the counties of Sonoma, Napa, Marin, Contra Costa, and San Mateo), and as such has been an employer "engaged in an industry or activity affecting commerce" within the meaning of 29 U.S.C. § 152 and 29 U.S.C. §§ 1002-1003.

## II.
## FACTS

8. Defendant PLATINUM is bound to the CBAs for Local 81 and Local 95, as well as bound to the trust agreements establishing each of the Trust Funds.

9. An employer who agrees to be bound to the CBAs also agrees to be bound to the applicable trust agreements. An employer who agrees to be bound to a Project Labor Agreement ("PLA") agrees to be bound to the CBA for Local 81 and/or the CBA for Local 95 for covered employees and agrees to be bound to the applicable trust agreements.

10. The terms of the CBAs require Defendant PLATINUM to make timely monthly fringe benefit contributions to the Trust Funds for fringe benefits for covered employees.

11. Under both the CBAs and applicable trust agreements, an employer who fails to make timely fringe benefit contributions to the Trust Funds is liable to the Trust Funds for all unpaid fringe benefit contributions, liquidated damages, interest on the delinquent amount accrued, reasonable attorneys' fees and collection costs. *See* 29 U.S.C. § 1132(g)(2).

12. Defendant PLATINUM failed to make required fringe benefit contributions to the Trust Funds during the relevant period of statute of limitations pursuant to the appropriate CBAs and/or trust agreements, and therefore owes the Trust Funds fringe benefit contributions. *See* 29

U.S.C. § 1145. As of the date of this filing, PLATINUM owes fringe benefit contributions for work months in 2018 and 2019, including contributions for work performed on projects in and around the Bay Area including projects in the counties of Sonoma (Abraham Lincoln Elementary School, Santa Rosa), Napa (Four Seasons, Calistoga), Marin (Fire Stations 52 and 57, San Rafael), Contra Costa (Marriott Residence Inn, Walnut Creek), and San Mateo (Wheeler Plaza and San Carlos Transit Village, both in San Carlos). PLATINUM owes any additional unpaid fringe benefit contributions discovered for hours worked by covered employees on PLA projects during the relevant statute of limitations period.

13. Defendant PLATINUM also owes the Trust Funds liquidated damages for any untimely paid and unpaid fringe benefit contributions for work months in 2018, 2019, and for work months in other years (during the relevant statute of limitations period) that PLATINUM's covered employees worked on a PLA project and/or other projects obligating it to make contributions.

### III.
### FIRST CLAIM
(ERISA - 29 U.S.C. § 1145) against Defendant PLATINUM

14. Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

15. <u>Jurisdiction</u>. This is an action to collect unpaid fringe benefit contributions found owing to a multi-employer benefit plan pursuant to the terms of a CBA and Trust Agreements. Jurisdiction is pursuant to ERISA, 29 U.S.C. § 1132(e) and § 1145.

16. Defendant PLATINUM's action constitutes a failure of an employer to make timely fringe benefit contributions to a multi-employer plan pursuant to 29 U.S.C. § 1145.

17. Plaintiffs are entitled to all unpaid fringe benefit contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2), the CBAs, and applicable Trust Agreements.

### IV.
### SECOND CLAIM
(LMRA - 29 U.S.C. § 185) against Defendant PLATINUM

18. Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

19. <u>Jurisdiction</u>. This is an action to enforce a CBA pursuant to 29 U.S.C. § 185.

20. Defendant PLATINUM's failure to pay fringe benefit contributions and liquidated damages owing breached the CBAs to Plaintiffs' detriment. Plaintiffs are entitled to unpaid fringe benefit contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the CBAs and applicable Trust Agreements.

21. The Trust Funds are entitled to pursue this claim as third party beneficiaries to the Trust Agreements. *See Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364 and *Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1. For unpaid fringe benefit contributions in an amount according to proof;
2. For liquidated damages according to proof;
3. For prejudgment interest according to proof;
4. For reasonable attorneys' fees, costs of suit and further amounts according to proof;
5. For an order requiring production of any transmittals not submitted;
6. For an order that Defendant cooperate with the Trust Funds' auditor and provide pertinent documents and information, and for judgment against Defendant for payment of any unpaid contributions, liquidated damages, and prejudgment interest disclosed from the audit;
7. For such equitable relief as this court deems just and proper; and
8. For such other and further relief as this court deems just and proper.

Dated: October 18, 2019                                  Respectfully submitted,

/s/ Tanisha M. Shafer (Arata)
Richard K. Grosboll
Tanisha M. Shafer (Arata)
NEYHART, ANDERSON, FLYNN & GROSBOLL
Attorneys for Plaintiffs

COMPLAINT
Case No.                                                                                                          4